In the Matter of the Claim of SONIA CORTIS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, November 14, 1974.

*Elihu S. Massel* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Iris Steel, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for respondent.

HERLIHY, P. J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed March 26, 1974, which reversed a Referee's decision in favor of claimant and reinstated the respondent's initial determination that the claimant was ineligible for benefits effective November 19, 1973 upon the ground that she was not available for employment.

The claimant as 61 years of age at the time of the hearing held herein and she testified that this was her first claim for unemployment insurance benefits. She had last been employed as a front manager in a restaurant at a salary of $175 per week. She lost that employment when she suffered personal injuries and was unable to work from March 4, 1973 to early August, 1973. She filed an original claim for unemployment benefits effective August 7, 1973 and received benefits from that date until November 19, 1973. The record does not disclose that the respondent's unemployment office caused the claimant to be classified for any particular occupation or occupations. Fur-

thermore, there is no evidence in the record as to what salary range she should seek other than the fact that her last employment paid her $175 per week.

On November 26, 1973, she was interviewed at her local unemployment office and signed a summary of interview stating that for the previous week she "went no place in search of a job, since I'm waiting for a reply to [a prior job application]." The respondent's initial determination of disqualification from benefits was based solely on that statement as establishing that claimant had not personally contacted any prospective employer.

At the Referee hearing the claimant testified that her employment as a front manager in a restaurant had only been for about five months and that for the four and one-half years prior thereto she had been a saleslady of fine jewelery at a prominent New York City store. She also stated that prior to selling jewelry she had been an entertainer. She had left the occupation of entertainer because of her age. She had made some contacts in regard to jewelry selling, but they either paid too little or were too far away. She said that she found it difficult to obtain work at $175 per week and was willing to work as a hostess or receptionist.

The record contains no evidence that the salary request of claimant was unreasonable either in regard to the jewelry selling occupation or the other occupations she sought. The board's finding that seeking work as a receptionist was unrealistic has no support in the record. The Referee hearing established that the claimant is well qualified to meet the public and the record contains no other necessary qualifications. The board's finding that the claimant did not seek work selling fine jewelry has no support in the record and the undisputed evidence is that she did seek such work. It is also undisputed that the claimant had registered at all private employment agencies.

Upon the record submitted for this appeal the board has found facts which are without the support of any evidence, substantial or otherwise, and has made no clear finding that the lack of personal interviews for the week preceding the November 26, 1973 local office interview established an unavailability for employment. In fact, claimant testified that it was Thanksgiving week and "no one wanted to interview me". The errors of fact in the board's decision leave the decision without a sound basis for judicial review.

The decision should be reversed, without costs, and the matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.

Staley, Jr., Sweeney, Main and Reynolds, JJ., concur.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith.